

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 13, 2018

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

> Re:    United States v. Diaz, et al., 18 Cr. 749 (DLC)

Dear Judge Cote:

      The Government respectfully writes to request that the Court enter the enclosed proposed protective order governing the disclosure of discovery materials in the above-referenced matter. Counsel for defendants Jency Diaz, Kevin Mora, Howard Ayllon, Cerene Mayes, Myron DeCosta, and Carla DeCosta have all consented to the terms of the proposed protective order, and those six defendants have all signed the proposed order. The Government submits that entry of the proposed order is appropriate in this case because the discovery materials include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would jeopardize the safety of confidential informants, undercover officers, and other potential witnesses if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

      Respectfully submitted,

      GEOFFREY S. BERMAN
      United States Attorney

By:         /s/
         Maurene Comey & Frank Balsamello
         Assistant United States Attorneys
         212-637-2324 / 2325

Cc: All counsel of record (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **18 Cr. 749 (DLC)** |
| JENCY DIAZ, et al., | |
| *Defendants.* | |

Upon the application of the United States of America, with the consent of undersigned defendants and their respective counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation. It will also afford the defense prompt access to those materials, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

4. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

5. Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action.

6. When producing discovery, the Government will designate in writing any category of disclosure material that falls outside the coverage of this Order.  The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Disclosure and Protection of Seized ESI**

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media.

9. The Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material").  The defendant, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

11. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

12. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

13. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

### Retention of Jurisdiction

15. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
_____, 2018

_____
THE HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

4

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by:  /s/Maurene Comey_____          Date:    October 29, 2018____
     Frank Balsamello
     Maurene Comey
     Adam Hobson
     Assistant United States Attorneys


_Jency Diaz_____          Date:  11/5/18
JENCY DIAZ


_Will Harrington_____          Date:  11-5-18
William Harrington
Counsel for JENCY DIAZ


5

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by:  /s/Maurene Comey                              Date:    October 29, 2018
     Frank Balsamello
     Maurene Comey
     Adam Hobson
     Assistant United States Attorneys


_____          Date:  10/29/18
KEVIN MORA


_____          Date:  10/29/18
Counsel for KEVIN MORA


6

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney


by: _/s/Maurene Comey_____                Date:   _October 29, 2018____
   Frank Balsamello
   Maurene Comey
   Adam Hobson
   Assistant United States Attorneys



                                                         Date:
ARTURO MORA



                                                         Date:

Counsel for ARTURO MORA

7

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney


by: /s/Maurene Comey                          Date:    October 29, 2018
    Frank Balsamello
    Maurene Comey
    Adam Hobson
    Assistant United States Attorneys



                                              Date:
WHYKEE JOHNSON



                                              Date:
Counsel for WYKEE JOHNSON

8

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by:  /s/Maurene Comey                          Date:    October 29, 2018
      Frank Balsamello
      Maurene Comey
      Adam Hobson
      Assistant United States Attorneys


CERENE MAYES                                      Date:  10/29/17

Counsel for CERENE MAYES                    Date:  10/29/18

9

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by:  /s/Maurene Comey                              Date:   October 29, 2018
    Frank Balsamello
    Maurene Comey
    Adam Hobson
    Assistant United States Attorneys


HOWARD AYLLON                                       Date:   11/13/18


                                                    Date:   11/13/18

Counsel for HOWARD AYLLON

10

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney


by:   /s/Maurene Comey                          Date:    October 29, 2018
       Frank Balsamello
       Maurene Comey
       Adam Hobson
       Assistant United States Attorneys


_____          Date:   11/13/2018
CARLA DECOSTA


_____          Date:   11/13/2018
Counsel for CARLA DECOSTA


12

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney


by:  /s/Maurene Comey                        Date:    October 29, 2018
        Frank Balsamello
        Maurene Comey
        Adam Hobson
        Assistant United States Attorneys



_____         Date:   11/13/18
MYRON DECOSTA


_____         Date:   11/13/18
Counsel for MYRON DECOSTA


11